CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 11 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN ROBINSON,<br>    Plaintiff, | Civil Action No. 7:14-cv-00130 |
| v. | MEMORANDUM OPINION |
| LARRY JARVIS, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Adrian Robinson, who is confined at the Marion Correctional Treatment Center ("MCTC") and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 naming various staff at the MCTC as defendants. Plaintiff's simple allegation in the Complaint reads, "MCTC is denying access to the courts. They will not provide photocopies according to VDOC Operating Procedure 866.3 E5(b). MCTC is denying access to the courts by requiring a court order to provide legal assistance."

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ."

1

Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff does not allege or describe the involvement of any defendant in a deprivation of a federal right. Nonetheless, a claim that prison officials have not followed their own independent policies or procedures does not state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Even if a defendant replied to any of Plaintiff's administrative grievances, a superior's after-the-fact denial of a grievance falls far short of establishing § 1983 liability. Boger v. Johnson, No. 7:10-cv-00194, 2010 U.S. Dist. LEXIS 132679, at *26, 2010 WL 5174364, at *8 (W.D. Va. Dec. 15, 2010) (Wilson, J.) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006) (finding that allegations that prison officials and administrators responded inappropriately to inmate's subsequent grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation)), aff'd, 438 F. App'x 167 (4th Cir. 2011). Moreover,

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff fails to establish he had a "non-frivolous" legal claim to present to a court or that he was prejudiced by some alleged denial of access to courts. See Lewis v. Casey, 518 U.S. 343, 352 (1996) (holding a prisoner claiming denial of access to the courts must describe an actual injury by showing a defendant's actions hindered his ability to pursue a nonfrivolous legal claim); see also Christopher v. Harbury, 536 U.S. 403, 415 (2002) (recognizing the right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). Accordingly, the Complaint is dismissed without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 14th day of April, 2014.

Senior United States District Judge